Filed 6/28/22 P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO FRANCISCO MARTINEZ,<br><br>    Defendant and Appellant. | C093989<br><br>(Super. Ct. No. MANCRFE20200005679) |

Defendant Mario Francisco Martinez was found guilty of intending to commit sexual crimes against a minor. At sentencing, the trial court imposed numerous fines and fees. On appeal, defendant contends two of the fines must be stricken after the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869) and Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill 177). Agreeing with him in part, we will modify the judgment and direct the trial court to amend the written conditions of probation.

1

## BACKGROUND

During a sting operation, defendant texted with a law enforcement officer who was posing as a 13-year-old girl, agreeing to give the decoy minor a ride in exchange for sexual acts. A jury found defendant guilty of contacting a minor with the intent to commit a sexual offense (Pen. Code, § 288.3, subd. (a))[1] and arranging a meeting with a minor for sexual contact (§ 288.4, subd. (b)).

On March 22, 2021, the trial court suspended imposition of sentence and placed defendant on formal probation for five years. The trial court also verbally imposed various fines and fees, including a "fee of $100 for the preparation and completion of the presentence report," a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 probation revocation fine (§ 1202.45), a $300 first sex offense conviction fine (§ 290.3), two $40 court operation assessments (§ 1465.8), and two $30 court facilities assessments (Gov. Code, § 70373, subd. (a)(1)). The trial court's written conditions of probation also ordered defendant to pay a $30 administrative fee under section 1202.4, subdivision (*l*), and ordered defendant to cooperate with probation "as to fees pursuant to [section] 1203.1b." The trial court later shortened defendant's probation to two years.

## DISCUSSION

Defendant challenges the imposition of two fees he contends are no longer enforceable after recent legislative changes: (1) the $100 fee imposed under section 1203.1b for the preparation of the probation report, which was eliminated by Assembly Bill 1869, and (2) the $30 administrative fee to collect restitution under section 1202.4, subdivision (*l*), which was eliminated by Assembly Bill 177. The People agree, but they also request correction of defendant's probation conditions because the conditions do not include the $300 fee imposed under section 290.3.

---

[1] Undesignated statutory references are to the Penal Code.

The Legislature recently reduced or eliminated many criminal fees. Relevant here, Assembly Bill 1869, operative July 1, 2021, eliminated section 1203.1b and adopted section 1465.9. Among other things, section 1465.9 renders fees imposed under section 1203.1b unenforceable and uncollectible, and it provides that any portion of a judgment imposing those costs shall be vacated. (Stats. 2020, ch. 92, §§ 47, 62; § 1465.9, subd. (a); *People v. Clark* (2021) 67 Cal.App.5th 248, 259.) Assembly Bill 177, operative January 1, 2022, repealed section 1202.4 and reenacted it without subdivision (*l*), which had permitted counties to "impose a fee to cover the actual administrative cost of collecting the restitution fine." (Stats. 2021, ch. 257, § 20; former § 1202.4, subd. (*l*).) Assembly Bill 177 amended section 1465.9 to render unenforceable and uncollectible costs imposed under additional provisions, including section 1202.4. (Stats. 2021, ch. 257, § 35; § 1465.9, subd. (b).)

We agree with the parties that the section 1203.1b fee is now invalid. Although the trial court did not verbally identify the statutory basis for the $100 fee for the preparation and completion of the presentence report, it aligns with the type of fee originally permissible under 1203.1b, and section 1203.1b is referenced in defendant's probation conditions. Consequently, Assembly Bill 1869 requires that we vacate that portion of the judgment imposing the now impermissible fee. (*People v. Clark, supra*, 67 Cal.App.5th at p. 260.)

But the trial court never verbally imposed any fee under 1202.4. A written recording of a judgment, such as a minute order or abstract of judgment, may not modify the judgment (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 389), and where there is a discrepancy between the oral pronouncement of judgment and a written record, the oral pronouncement controls (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186). Although there is a probation condition ordering defendant to pay a $30 fee under section 1202.4, subdivision (*l*), this conflicts with the trial court's verbal pronouncement,

3

which did not impose such a fee. We will direct the trial court to correct defendant's probation conditions by striking the fee.

As for the $300 fee under section 290.3, the trial court verbally pronounced the fee, but the fee is not mentioned in defendant's probation conditions. We will direct the trial court to correct defendant's probation conditions to include the fee.

## DISPOSITION

The judgment is modified to vacate the portion of the judgment imposing fees under section 1203.1b remaining unpaid as of July 1, 2021. The judgment is affirmed as modified. The trial court is directed to amend and correct the written probation conditions to reflect the judgment as modified, including striking the $30 fee under former section 1202.4, subdivision (*l*), and adding the $300 fee under section 290.3.


                                   /S/
                                   MAURO, J.



We concur:



        /S/
ROBIE, Acting P. J.



        /S/
EARL, J.



4